IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| TROY LEON LUCUS, ET AL. § | |
| § | |
| V. § | CIVIL ACTION NO. G-05-623 |
| § | |
| RADIATOR SPECIALTY COMPANY, § | |
| ET AL. § | |

### OPINION AND ORDER

Before the Court is the Motion to Remand filed by Plaintiffs, Troy and Shirley Lucas; the motion seeks the return of this action to the 23rd Judicial District Court of Brazoria County, Texas, from where it was removed by Defendant Radiator Specialty Company on the alleged basis of federal question jurisdiction. Having now carefully considered the Parties' submissions and arguments the Court issues this Opinion and Order.

The Court finds that the Federal Hazardous Substances Act (FHSA) does not provide for a private **federal** cause of action. Milanese v. Rust-Oleum Corp., 244 F.3d 104, 110 (2d Cir. 2001) ("there is no federal private right of action under FHSA")  Nonetheless, the FHSA preempts any state law claims that seek to impose labeling requirements different from the requirements found in the statute or the regulations promulgated thereunder. Moss v. Parks Corp., 985 F.2d 736, 740 (4th Cir.) *cert. denied* 509 U.S. 906 (1993)  Of course, a state cause of action alleging non-compliance with the FHSA requirements would not be preempted. Id. However, such a cause of action does not state a claim "arising under the Constitution, laws or treaties of the United States" and, therefore, it does not present a federal question sufficient to support removal. Cf. Merrell Dow Pharmaceuticals v. Thompson, 473 U.S. 804, 817 (1986)

(reaffirmed in Grable & Sons v. Darue Engineering, ___ U.S. ___, 162 L.Ed 2d 257, 266-268 (2005)

The Court finds Radiator Specialty's argument that 15 U.S.C. § 2072 provides an independent basis for removal to be unpersuasive.

For the foregoing reasons, it is **ORDERED** that the Plaintiffs' Motion to Remand (Instrument no. 7) is **GRANTED** and this action is **REMANDED** to the 23rd Judicial District Court of Brazoria County, Texas.

Plaintiffs' requests for costs and attorney's fees is **DENIED**. "(A)bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Martin v. Franklin Capital Corp., ___ U.S. ___, 163 L.Ed. 2d 547, 552 (2005)   The basis for Radiator Specialty's removal was objectively reasonable, indeed, a United States District Judge in Mississippi recently held Radiator Specialty's position to be a proper basis for removal. Obviously, this Court disagrees with its colleague, but it cannot find Radiator Specialty's arguments frivolous or unreasonable.

**DONE** at Galveston, Texas, this _____27th_____ day of February, 2006.

_____
John R. Froeschner
United States Magistrate Judge